IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRACY TURNER,<br><br>　　　　Defendant. | Case No. 1:19-cr-00007<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

　　The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and David D. Hagler, Assistant United States Attorney, files this response to the defendant's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 166). The United States opposes the defendant's motion because the defendant does not meet his burden of providing evidence of an extraordinary and compelling reason justifying release under the statute.

　　Tracy Turner is a 62-year-old man who states that he suffers from prostate cancer, high blood pressure, COPD, and blindness in his left eye. (Doc. No. 166). In March 2021, he was sentenced by this Court to an imprisonment term of 120 months for conspiracy to distribute a controlled substance – methamphetamine (500 grams or more mixture). (Doc. No. 137). He is currently incarcerated at FCI Terminal Island, San Pedro, California, with a projected release date of December 18, 2028. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited November 2, 2023). He has served approximately 25 percent of his sentence.

The defendant submitted an administrative request for compassionate release to the FCI Terminal Island Warden on June 22, 2023. (Exh. 1 – RIS). The Warden denied his request for a reduction in sentence pursuant to section 3(b) and section 4(b) of Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g) ("Debilitated Medical Condition" and "Elderly Inmates with Medical Conditions". (Exh. 2 – RIS Denial). The Warden described Mr. Turner's medical history to include anemia, migraine, high grade prostatic intraepithelial neoplasia, alcohol use disorder, peripheral vascular disease, chronic obstructive pulmonary disease (COPD), chronic kidney disease stage III, and stimulant related disorder. (Id.) The RIS denial stated Mr. Turner has been closely followed by urology services and is on a pain management regimen. (Id.) The Warden further noted that Mr. Turner is generally independent with his ADLs (activities of daily living) and instrumental ADLs, therefore he did not meet the criteria for RIS under section 3(b). (Id.) The Warden also denied the RIS because Mr. Turner did not meet the age or time served requirements for a RIS under the criteria in section 4. (Id.)

I. **LEGAL STANDARD**

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Because the defendant has exhausted his administrative remedies by unsuccessfully seeking compassionate release from the warden of FCI Terminal Island, his sentence may be reduced if: 1) extraordinary and compelling circumstances warrant such a reduction, 2) he is not a danger to the safety of another person or to the community; and 3) release is appropriate in consideration the relevant factors set forth in 18 U.S.C. § 3553(a).

Examples of qualifying "extraordinary and compelling reasons" as currently identified by the Sentencing Commission include: (1) terminal illness; (2) a serious medical condition, or serious functional or cognitive impairment, that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the advanced age of defendant coupled with deterioration in health; or (4) certain family circumstances involving the defendant's minor children or spouse. See USSG § 1B1.13, comment. (n.1(A)-(C)). An additional "catch-all" category exists for "extraordinary and compelling reasons other than, or in combination with," the other categories. Id. (n.1(D)).

The defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). Even when extraordinary and compelling reasons exist, a court must consider whether the § 3553(a) factors weigh in favor of release and should only grant the motion if the defendant is no longer a danger to the public. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(2).

3

Whether to grant release is vested in the sound discretion of the district court. <u>United States v. Vangh</u>, 990 F.3d 1138, 1140 (8th Cir. 2021).

## II. DISCUSSION

### a. Turner Cannot Show Extraordinary and Compelling Reasons for Release

The defendant identifies several reasons that he posits, either alone or in combination, warrant a reduction in his sentence.

#### i. *Medical Circumstances*

Mr. Turner's primary argument for release addresses his prostate cancer diagnosis, COPD, high blood pressure, and blindness in the left eye. (Doc. No. 166, p. 5). While prostate cancer is certainly a serious medical condition, it is not necessarily a terminal one and his medical records indicate he will be undergoing radiation therapy. Furthermore, his medical records do not indicate that he has an end-of-life trajectory, nor does Mr. Turner identify one. (Exh. 3 – BOP RIS Medical Review). <u>See</u> USSG § 1B1.13, comment (n.1(A)(i)) (providing that extraordinary and compelling reasons exist when a defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)"). In addition, because he has not provided evidence showing an inability to provide self-care, Mr. Turner's circumstances do not meet the alternative test for qualifying medical condition. <u>Id.</u> comment (n.1(A)(ii)) ("the defendant is suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.").

Without minimizing Mr. Turner's cancer diagnosis, it is still important to recognize that this condition does not in and of itself warrant compassionate release. In United States v. Colbert, 2020 WL 3529533, at *2 (E.D. Mich. June 30, 2020), the district found that "[h]ypertension, a condition that affects about 46% of the U.S. adult population, high cholesterol, and having had prostate cancer in the past are not 'extraordinary and compelling' conditions.".

Mr. Turner's medical records also indicate he has advanced and end-stage glaucoma in his left eye, however, the defendant has not demonstrated that this medical condition has significantly impacted his day-to-day living and has affected his ability to provide self-care.

While Mr. Turner's medical conditions are undoubtedly serious, his health appears appropriately controlled. (See Exh. 3). Mr. Turner does not allege that FCI Terminal Island has failed to treat or otherwise mismanaged his medical care. The records demonstrate that the medical care he is receiving at FCI Terminal Island is timely and appropriate. (Id.) There is therefore no basis to conclude that Mr. Turner's medical care cannot be effectively managed at FCI Terminal Island at this time.

    ii.  *Family Circumstances*

In addition to his medical conditions, the defendant would like the Court to consider his mother's medical condition as a factor justifying his compassionate release. Assuming Mr. Turner's mother is, indeed, incapacitated by her second cancer diagnosis, this Court would still need additional, credible evidence as to the lack of alternative

caregivers to make a definitive finding that Mr. Turner is the only available caregiver. He has failed to meet this burden.

### b. Section 3553(a) Factors Weigh Against Release

Finally, any compassionate-release decision—even for a statutorily eligible defendant—must also consider the factors under 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Turner addresses none of these factors in his motion.  Those factors do not support his request for premature, permanent release.

The defendant has an extensive prior criminal history, including drug trafficking offenses, some of which were used to establish a career offender status.  Those convictions include Possession of Marijuana for sale (Doc. No. 124 - PSR ¶ 37); Possession of Marijuana for sale (Id. at ¶ 35); Carry concealed weapon in vehicle (Id. at ¶ 32); Inflicting corporal injury on spouse (Id. at ¶ 31); Transport/sell narcotics (Id. at ¶ 30); and Possession of Marijuana for sale (Id. at ¶ 29).

While this Court should not simply rubber-stamp the BOP's decision, the Court should give BOP's decision due weight and consideration as that agency has detailed knowledge of Mr. Tuner's medical condition, history and characteristics, his responsiveness to correctional programming, his institutional conduct, and his offense conduct.  It conducts a thorough evaluation of the circumstances underlying the request, including gathering and assessing all pertinent institutional, medical, and other personal records.  Mr. Turner has provided this Court with <u>no</u> evidence in support of his factual assertions nor any information to assess the § 3553(a) factors, or the risk of danger he

presents to the community, both of which are relevant factors for this Court to assess and consider prior to granting any reduction in sentence.

Mr. Turner had a sentencing guideline range of 262-327 months. (Doc. No. 135). After granting a motion for departure, this Court sentenced him to serve 120 months. The need for the sentence imposed under § 3553(a)(2)(A)-(C) still remains given the breadth of the crime and the significant reduction in sentence previously granted to the defendant.

Therefore, granting Defendant's motion under 18 U.S.C. § 3582(c)(1)(A) would undermine these factors. The law, and the specific facts of defendant's case, neither demand nor endorse that result.

### III. CONCLUSION

The United States requests the Court deny the defendant's motion as he has not shown a compelling or extraordinary reason justifying release under the statute and factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g) strongly weigh against release.

Dated: November 15, 2023.

MAC SCHNEIDER
United States Attorney

By: /s/ David D. Hagler
DAVID D. HAGLER
Assistant United States Attorney
ND Bar ID 04696
P.O. Box 699
Bismarck, ND 58502-0699
(701) 530-2420
david.hagler@usdoj.gov
Attorney for United States

## CERTIFICATE OF SERVICE

      I hereby certify that on November 15, 2023, the above-named document was filed electronically with the Clerk of Court through ECF. I further certify that a copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participant(s):

Tracy Turner
78749-112
TERMINAL ISLAND
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 3007
San Pedro, CA 90733

Dated:  November 15, 2023

                                          */s/ Susan Johnson*
                                          SUSAN JOHNSON
                                          Office of the United States Attorney