**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Tracy Turner, | ) | Case No. 1:19-cr-007 |
| | ) | |
| Defendant. | ) | |

-------------------------------------------------------------------------------------------------------------------------

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. §
3582(c)(1)(A), filed on October 25, 2023.  See Doc. No. 166.  The Government filed a response in
opposition to the motion on November 15, 2023.  See Doc. No. 170.  The Defendant filed a reply on
December 6, 2023.  See Doc. No. 171.  The Defendant also filed two supplements on April 3, 2024.
See Doc. Nos. 173 and 174.  For the reasons set forth below, the motion is denied.

## I.      BACKGROUND

On November 9, 2020, the Defendant pled guilty to one count of conspiracy to distribute a
controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A(viii).  See Doc. No. 113.  On
March 18, 2021, the Court sentenced the Defendant to 120-months of imprisonment and 5 years of
supervised release.  See Doc. No. 137.

On October 25, 2023, the Defendant filed a motion seeking a sentence reduction under 18
U.S.C. § 3582(c)(1)(A) citing his health problems and the need to act as a caregiver for his parents
as "extraordinary and compelling" reasons justifying the requested sentence reduction.  See Doc. No.
166.  The Government filed a response in opposition to the motion contending the Defendant had
failed to provide an appropriate basis for a sentence reduction.  See Doc. No. 170.  The Defendant
filed a reply and two supplements in support of the motion.  See Doc. Nos. 171, 173, and 174.  The

Defendant is serving his sentence at FCI Terminal Island in San Pedro, California.  He has served approximately  3 years of his 10-year sentence and has presumptive release date of October 30, 2027.

## II.  <u>LEGAL DISCUSSION</u>

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP <u>or</u> upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   In this case, it is undisputed the Defendant has exhausted his administrative remedies.  <u>See</u> Doc. No. 170-2.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).  There is no right to counsel in Section 3582(c) proceedings.  <u>United States v. Brown</u>, 565 F.3d 1093, 1094 (8th Cir. 2009).  Nor is there a right to a hearing.  <u>See</u> <u>Dillon v. United States</u>, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP.  Such motions were rarely filed.  This all changed when the First Step Act was signed into law on December 21, 2018.  The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–

**(1)** in any case–

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

The First Step Act does not define "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

> **(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
>> **(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or
>>
>> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

3

**(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

**(1) Medical Circumstances of the Defendant**.--

**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(B)** The defendant is–

**(i)** suffering from a serious physical or medical condition,

**(ii)** suffering from a serious functional or cognitive impairment, or

**(iii)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances–

**(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

**(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

4

**(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

**(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

**(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

**(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

**(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

**(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who

5

had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public.  See U.S.S.G. § 1B1.13(2). A  court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release.  See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.  Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court.  United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

The Defendant is 63 years of age and has served approximately three years of his ten-year sentence.  At sentencing, the Defendant was found to have a total offense level of 34, criminal history category VI, and an advisory Sentencing Guideline range of 262 to 327 months.  The Defendant's primary contention is that his medical problems qualify as extraordinary and compelling reasons warranting a sentence reduction.  It is undisputed the Defendant suffers from prostate cancer, COPD, high blood pressure, and blindness in his left eye.  However, the medical review conducted on July 12, 2023, found that his prognosis was "good with radiation therapy" and "his life expectancy was more than one year."  See Doc. No. 170-3.  The medical records establish the prostate cancer has not metastasized.  See Doc. Nos. 167, p. 61, 174, p. 23.  The Defendant has been approved for and consented to radiation therapy.  See Doc. No. 174, p. 69.  The Defendant resides in general population and is independent with activities of daily living.  Since the cancer diagnosis does not have an end of life trajectory and the Defendant is able to provide himself with self-care, he has not established that his medical problems warrant a sentence reduction.

Further, no medical records support the Defendant's contention that his parents need a caregiver.  There is no evidence the Defendant is the only available caregiver for his parents as required by Section 1B1.13(b)(3)(C) of the Sentencing Guidelines.  Nor is there any evidence that his parents have requested he be released in order to care for them.

In addition, the Court concludes the Section 3553(a) factors weigh against any sentence reduction.  The Defendant has an extensive prior criminal history spanning approximately 40 years, including drug trafficking offenses, some of which were used to establish a career offender status. The Defendant's sentencing guideline range was 262-327 months with a criminal history category of VI.  After granting a motion for departure, the Court sentenced him to 120-months of imprisonment. The need for the sentence imposed under § 3553(a)(2)(A)-(C) still remains given the scale of the crime (mailing 12-13 pounds of methamphetamine to North Dakota) and the significant reduction in sentence previously granted to the Defendant.  Granting Defendant's motion under 18 U.S.C. § 3582(c)(1)(A) would undermine these factors.

The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

## III.   <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 166) is **DENIED**.  The Court would be willing to reconsider the matter should the Defendant's medical condition deteriorate and/or once he meets the age or percentage of sentence served specifications set forth in Section 1B1.13 of the most recent Sentencing Guidelines Manual.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2024.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court